IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMON LAMONT WHEELER )
)
          Plaintiffs, )
)
v. )   Case No. 23-cv-1021-JWB-GEB
)
KANSAS DEPARTMENT FOR CHILDREN )
AND FAMILIES, )
)
          Defendants. )
)

**MEMORANDUM & ORDER ON**
**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND**
**REPORT AND RECOMMENDATION FOR DISMISSAL**

Plaintiff filed his complaint on February 16, 2023, naming Kansas Department for Children and Families as Defendant **(ECF No. 1).** He also filed a Motion to Proceed Without Prepayment of Fees **(ECF No. 3,** *sealed*)**.** For the reasons set forth herein, the Court **GRANTS** Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 3,** *sealed)* but **recommends** dismissal of Plaintiff's case for failure to state a cause of action.

**I.      Procedural Background[1]**

For his cause of action Plaintiff alleges a federal question based upon "445 – violation of civil rights," without further clarification regarding what statute gives this

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

1

Court jurisdiction.[2]   The Court, despite a thorough review of Plaintiff's Complaint, could not discern Plaintiff's cause of action and issued an order to appear and show cause to explain why the Court should not recommend dismissal of this case.[3] In response to the Court's order to appear and show cause, Plaintiff filed a "Motion to Show Cause."[4] In this filing, Plaintiff makes many allegations and sets forth facts regarding the investigation and procedures followed in his children's Child in Need of Care cases which were filed in Kansas' 18th Judicial District from 2012-2023, as well as alleging his court-appointed attorney in those cases was ineffective.[5]

On March 17, 2023, the Court held a show cause hearing, and Plaintiff appeared *pro se* to clarify his claims.  At the hearing, Plaintiff argued the court-appointed counsel in his Child in Need of Care cases tricked him into relinquishing his rights to his children. The Court inquired several times into the nature of the alleged civil rights violations, and Plaintiff continued to set forth facts from the Child in Need of Care cases prosecuted in state court.[6]  During the hearing, it became apparent Plaintiff was pursuing this federal case as a means of rectifying some perceived situation that transpired in state court.

Plaintiff also filed a motion to proceed without prepayment of fees in conjunction with his lawsuit.[7]

---

[2] ECF No. 1.
[3] ECF No. 4.
[4] ECF No. 7.
[5] *Id.*
[6] *See* K.S.A. 38-2201, *et seq.*
[7] ECF No. 3.

## II.   Motion for Leave to Proceed *In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(a), the Court has discretion to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof."[8] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[9] To determine whether a party is eligible to file without prepayment of the fee, the Court analyzes the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[10]

The Tenth Circuit Court of Appeals and this Court have liberal policies toward permitting proceedings *in forma pauperis*.[11] After careful review of Plaintiff's financial resources **(ECF No. 3, *sealed*),** compared to Plaintiff's monthly income and listed monthly expenses, the Court finds he is financially unable to pay the filing fee.

## III.   Recommendation of Dismissal

When a party seeks to proceed without the prepayment of fees, the *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to screen the party's complaint. Under § 1915, *sua sponte* dismissal of this case is required if the court determines that the action 1) is

---

[8] *Barnett ex rel. Barnett v. Nw. Sch.,* No. 00-2499-KHV, 2000 WL 1909625, *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, No. 98-4231, 173 F.3d 863, *1 (10th Cir. Apr. 23, 1999)).
[9] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[10] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2000 WL 1162684, *1) (D. Kan. April. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, *1 (D. Kan. July 17, 2000)).
[11] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR, 2013 WL 5797609, *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[12] After application of these standards, the undersigned Magistrate Judge issues the following recommendation.

After a thorough review of the record, the Court finds Plaintiff's Complaint is subject to dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Fed. R. Civ. P. 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." This requires the complaint to state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[13] Because Plaintiff proceeds *pro se*, his pleadings must be liberally construed.[14] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[15] and the Court cannot "take on the responsibility of serving as his attorney in constructing arguments and searching the record."[16] Also, Fed. R. Civ. P. 8 "demands more than naked assertions."[17]

Under Fed. R. Civ. P. 8(a), every complaint must contain three minimal pieces of information: 1) the pleading should contain a short and plain statement of the claim

---

[12] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)) (citing language contained in § 1915(d), prior to the statute's amendment in 1996).
[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[14] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[15] *Id*.
[16] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[17] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

showing Plaintiff is entitled to relief; 2) a short and plain statement of the grounds for the Court's jurisdiction; and 3) a statement of the relief requested. If any of these requirements are absent, even after providing a liberal construction to Plaintiff's Complaint, the court "is compelled to recommend that the action be dismissed."[18] Mere "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[19]

Plaintiff makes a general claim his civil rights were violated.[20] He further states, "paperwork legal documentation of home visits by family support workers, UAs, stabilized living no proof of unfit nature said by Paul Ibbetson."[21] Plaintiff does not allege any facts that sustain a violation of his civil rights, and he does not give the Court any statutory authority to bring this claim. Plaintiff seems to bring this action for the sole purpose of overturning a Child in Need of Care case.[22] The Court, as required, has construed Plaintiff's pleadings liberally.[23] However, the undersigned concludes there is an insufficient factual basis in the Complaint to raise Plaintiff's right to relief above the speculative level. In this instance, the federal court is not the appropriate venue to address Plaintiff's claim.

---

[18] *Snider v. Burton*, No. 15-1043-JTM, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).
[19] *Id*. (quoting *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).
[20] ECF No. 1.
[21] *Id.*
[22] *Id.*
[23] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).

Therefore, the Court **RECOMMENDS** dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[24]

## IV. Conclusion

After careful consideration of Plaintiff's Complaint, being aware Plaintiff proceeds *pro se*, and affording Plaintiff the opportunity to appear and assist the Court in understanding his claims, the undersigned determines the Complaint is insufficient. By failing to adequately plead, Plaintiff fails to state a claim upon which relief may be granted.

**IT IS THERE FOR ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 3,** *sealed)* is **GRANTED**.

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED**.

**IT IS ORDERED** that a copy of this order and recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[25]

**IT IS SO ORDERED AND RECOMMENDED.**

---

[24] *See, e.g., El-Sattam v. Minnenger*, No. 95-4180-SAC, 1995 WL 783206 (D. Kan. Nov. 16, 1995) (dismissing complaint under Rule 8 for failure to allege facts supporting a recognized claim for relief); *Ferris v. Fed. Law*, No. 97-4239-SAC, 1997 WL 833299 (D. Kan. Dec. 18, 1997) (same); *see also Weaver,* 1995 WL 783628, at *7 ("The court should dismiss *pro se* claims 'which are supported only by vague and conclusory allegations.'") (quoting *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)).

[25] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated at Wichita, Kansas this 5th day of April 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. MAGISTRATE JUDGE
