IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMON LAMONT WHEELER,

      Plaintiff,

v.                                                                Case No. 23-1021-JWB

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for review of United States Magistrate Judge Birzer's order to show cause (Doc. 10) and a Report and Recommendation ("R&R") from Magistrate Judge Birzer. (Doc. 12.) The R&R recommends dismissal of all claims asserted by Plaintiff in his complaint. Plaintiff has filed an objection to the R&R. (Doc. 15.) For the reasons stated herein, the court ADOPTS the R&R and DISMISSES Plaintiff's complaint.

In his complaint, Plaintiff brings suit against the Kansas Department of Children and Families and asserts that this court has jurisdiction based upon "445 – violation of civil rights." (Doc. 1 at 3.) Plaintiff fails to identify the statutory basis for his claim, however. In the section asking for a statement of the claim, Plaintiff states "paperwork legal documentation of home visits by family support workers, UA's, stabilized living, [and] no proof of unfit nature." (*Id.* at 4.) Plaintiff seeks $54,000 in damages. After filing his complaint, Plaintiff moved to proceed in forma pauperis. Magistrate Judge Birzer reviewed Plaintiff's filings and issued an order to show cause. In that order, Plaintiff was ordered to personally appear at the show cause hearing and explain why his case should not be dismissed for failure to state a claim. (Doc. 4.) Plaintiff filed two responses to the show cause order. In those responses, Plaintiff set forth various allegations regarding

1

Defendant's investigation relating to his children's Child in Need of Care cases which were filed in Kansas' 18th Judicial District from 2012–2023. Plaintiff additionally asserted that his court-appointed counsel was ineffective. (Docs. 6, 7.) Plaintiff's responses fail to identify the basis for his claims against Defendant in this action. On March 17, the show cause hearing was held and Plaintiff appeared in person. At that hearing, Plaintiff argued that his counsel in the state proceedings had tricked him into relinquishing his rights to his children. (Doc. 12 at 2.) Magistrate Judge Birzer inquired "several times into the nature of the alleged civil rights violations [but] Plaintiff continued to set forth facts" from the state court cases. (*Id.*) It was clear from the hearing that Plaintiff was pursuing this action to somehow rectify the outcome of the state court cases. (*Id.*)

On April 4, Plaintiff filed a motion for review of the show cause order. In that motion, Plaintiff appears to seek leave to file an interlocutory appeal, citing to 28 U.S.C. § 1292. The court construes Plaintiff's motion as one brought under Fed. R. Civ. P. 72(a), which provides that a district court may review a nondispositive order of a magistrate judge. Plaintiff argues in his motion that both St. Francis employees and Defendant falsified affidavits in reports presented to the state court. (Doc. 10.)

On April 5, Magistrate Judge Birzer issued an R&R recommending that the action be dismissed for failure to state a claim on the basis that the complaint and subsequent filings fail to provide a statutory basis for his claim and that he appeared to bring the action to challenge the state court child in need of care cases. (Doc. 12.) Plaintiff was mailed a copy of the R&R by certified mail. The court docket reflects that Plaintiff received the R&R on April 11. (Doc. 14.) On April 24, Plaintiff filed a notice of appeal in which he argued that the court should review the proceedings concerning the "motion to show cause" as he has set forth facts to proceed in this

matter. (Doc. 15.) Subsequently, Plaintiff filed a notice of appeal to the Tenth Circuit which has been dismissed for lack of jurisdiction. (Docs. 16, 19.) Out of an abundance of caution, the court will construe his April 24 appeal filed with this court as an objection to the R&R. (Doc. 15.) In the objection, Plaintiff again argues that unnamed employees of St. Francis and Defendant falsified affidavits in the state court cases. Plaintiff makes no attempt to identify the statutory basis of his claim against Defendant.

After review of the complaint, subsequent filings, and Plaintiff's objection, the court agrees that this action should be dismissed. Plaintiff has entirely failed to identify a statutory basis for his claim after being provided with several opportunities to do so. Therefore, his complaint is subject to dismissal. Further, the complaint is subject to dismissal as Defendant is entitled to sovereign immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195–96 (10th Cir. 1998) (citing *Quern v. Jordan*, 440 U.S. 332, 338–40 (1979)); *see also McCollum v. Kansas*, No. 14-1049-EFM-KMH, 2014 WL 3341139, at *6 (D. Kan. July 8, 2014), *aff'd*, 599 F. App'x. 841 (10th Cir. 2015) (explaining that "DCF is the agency through which the state acts in all matters that relate to children who are found to be in need of care" and thus is "an arm of the state" immune from suit under the Eleventh Amendment). The court further notes that based on Plaintiff's allegations regarding the state court proceedings, this court would lack jurisdiction over his unidentified claims under the *Rooker-Feldman* doctrine. *See Jackson v. Peters*, 81 F. App'x 282, 285–86 (10th Cir. 2003); *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *2 (D. Kan. Apr. 30, 2019).

For the reasons stated in Magistrate Judge Birzer's R&R and the reasons stated herein, the court finds that Plaintiff's complaint fails to state a claim. Plaintiff's complaint is dismissed

without prejudice.  Magistrate Judge Birzer's R&R is hereby ADOPTED and Plaintiff's motions (Docs. 10, 15) are DENIED AS MOOT.

IT IS SO ORDERED.  Dated this 14th day of June, 2023.

                                                          s/ John W. Broomes
                                                          JOHN W. BROOMES
                                                          UNITED STATES DISTRICT JUDGE