IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMON LAMONT WHEELER,

        Plaintiff,

v.                                          Case No. 23-1021-JWB

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES,

        Defendant.

**ORDER**

This matter is before the court on Plaintiff's motion for reconsideration. (Doc. 23.) On June 14, 2023, this court entered an order adopting United States Magistrate Judge Birzer's Report and Recommendation ("R&R") and dismissing Plaintiff's complaint. In sum, the court held that Plaintiff failed to provide a statutory basis for his claim after being provided several opportunities to do so. Further, Defendant is entitled to sovereign immunity. (Doc. 20.) The court fully set forth the prior procedural history of this action in that order. Plaintiff's complaint was dismissed without prejudice and judgment was entered in favor of Defendant. (Docs. 20, 21.) Plaintiff now moves for reconsideration, which the court construes as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59 or 60.

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment. Such motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citation omitted.) But after entry of judgment the public "gains a strong interest in protecting the finality of judgments." *Id.* For that reason, Rule 59 motions are "not appropriate to revisit issues already addressed or advance arguments that

1

could have been raised in prior briefing." *Id.* (citation omitted.)  In other words, the motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of the judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

Rule 60 also permits relief from a final judgment in certain circumstances, including "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud[,] . . . misrepresentation, or misconduct by an opposing party;" or "any other reason that justifies relief." *See Tyner v. Probasco L., P.A.*, No. 20-2632-EFM, 2022 WL 2802318, at *1 (D. Kan. July 18, 2022) (citing Fed. R. Civ. P. 60(b)).  A party may not use Rule 60 to revisit the same issues already addressed. *Id.*

In his motion, which is comprised of two short paragraphs, Plaintiff asks that the court review its decision and cites to various Kansas statutes under the Kansas Code for Care of Children.  Plaintiff's motion does not provide a basis for this court to grant relief from judgment.

Plaintiff's motion (Doc. 23) is therefore DENIED.

IT IS SO ORDERED.  Dated this 7th day of August 2023.

                                                  __ s/ John Broomes_____
                                                  JOHN W. BROOMES
                                                  UNITED STATES DISTRICT JUDGE